Battle, J.
 

 The 104th section of the 34th -chapter of the Bevised Code, upon which the indictment in the present case is founded, enacts that “ if any person shall unlawfully, and on purpose, kill, maim, or injure, any live stock running at large in the range, or in the field or pasture of the owner, whether done with the actual intent to injure the owner, orto drive the stock from the range, or any other unlawful intent., every such person, his counsellors, aiders and abettors, shall be deemed guilty of a misdemeanor.” The proof is, that the hog to which the injury is alleged to have been done, was not, at the time of the injury, either running at large in any range, or in any field or pasture of the owner, but was in an inclosed field of the defendant, in which corn was then growing. The alleged offence was neither within the words or spirit of the act. It was manifestly not within the words, and we cannot well see how an injury, inflicted upon live stock in a situation entirely different from that prescribed in the act, can, by any reasonable construction, be brought within its spirit. The cases within the contemplation of the law were such as almost to forbid the supposition that the injuries were inflicted from any other than a malicious or unlawful motive. A man might, indeed, kill, maim, or otherwise injure, as best he could, a mad bull, or other animal, that was likely to endanger his life, or, perhaps, the life of any other person, whether such animal was at the time either in the range or in the field or pasture of the owner; for such killing, maiming, or injuring, would not be with an “ unlawful intent.” It is not easy to conceive of any other exception; but where the animal is in an inclosed field of the defendant, doing damage to his growing crop, the case is very different, for it then can hardly be supposed that the animal is killed, maimed, or injured, with intent to injure the owner, or with any other intent than the innocent one of saving his crop. The injury may be such, or inflicted under such circumstances, as to eu-
 
 *278
 
 title the owner of the stock to redress
 
 owiUt&r,
 
 either at common law, or under the 48th chapter of the Revised Code, concerning “Fences,” but he cannot proceed by an indictment under the act upon which we are now commenting.
 

 The judgment must be reversed and a
 
 venire de novo
 
 awarded.
 

 PkR Cukiaii, Judgment reversed.